UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TONIA SIAKALA,

     Plaintiff,

v.                                                             Case No. 8:22-cv-02464-NHA

COMMISSIONER OF SOCIAL
SECURITY,

     Defendant.

_____/

## ORDER

I grant Plaintiff's Motions for an Attorney's Fee pursuant to 42 U.S.C. § 406(b) (Docs. 26, 28), and award Plaintiff's counsel a $15,396.25 attorney's fee.[1]

On March 4, 2024, the Court entered an order reversing and remanding the Commissioner's decision against Plaintiff, pursuant to sentence four of 42 U.S.C. § 405(g). Doc. 20. The Clerk then entered judgment in Plaintiff's favor. Doc. 21. On May 9, 2024, the Court awarded Plaintiff's counsel a $3,097.14 fee pursuant to the Equal Access to Justice Act ("EAJA") (Doc. 23), and the Clerk entered an amended judgment (Doc. 24).

---

[1] "The Estate of Martin J. Cohen," through attorney Michael Steinberg, moves for the award of a fee on behalf of Plaintiff's counsel, Martin Cohen, who has passed away since this case was resolved.

On remand, the SSA found that Plaintiff was disabled as of September 2016, and was entitled to $61,585.00 in past-due benefits. Doc. 28-2. Plaintiff's counsel now seeks payment of fees in the amount of 25% of the past due benefits ($15,396.25) pursuant to 42 U.S.C. § 406(b). Doc. 28. Defendant neither supports nor opposes the motion. Doc. 29.

Under 42 U.S.C. § 406(b), when a court renders a judgment favorable to a Social Security claimant who was represented by counsel, the court may award a reasonable fee for the representation, not to exceed twenty-five percent of the total past-due benefits won by claimant. 42 U.S.C. § 406(b)(1)(A). The Supreme Court has instructed that, in awarding fees under 42 U.S.C. § 406(b), a court should not use the lodestar method, but should consider the overall reasonableness of the fee in light of the parties' fee agreement, "the character of the representation[,] and the results the representative achieved." *Gisbrecht v. Barnhart*, 535 U.S. 789, 808 (2002). And, while a plaintiff's counsel may recover attorneys' fees under both 42 U.S.C. § 406(b) and the EAJA, counsel must refund to the plaintiff the amount of the smaller fee. *Id* at 796.

In securing her representation, Plaintiff agreed with her counsel that Plaintiff would pay her 25% of any past-due benefit award counsel helped Plaintiff obtain. Doc. 28-1. Attorney Martin Cohen subsequently spent 12.75 hours litigating Plaintiff's case in federal court. Doc. 28-3. In light of the agreement, the risk taken by Plaintiff's counsel in representing Plaintiff on a

2

contingency basis, and the results achieved, I find the requested attorney's fees award of $15,396.25 is appropriate. However, as both parties acknowledge (*see* Doc. 28 p. 8; Doc. 29 p. 3), the Estate of Martin Cohen must refund to Plaintiff the $3,097.14 attorney's fee the Court previously awarded under the EAJA.[2]

Accordingly, it is hereby ORDERED:

1.   The motion for an award of an attorney's fee under 42 U.S.C. § 406(b) (Docs. 26, 28) is GRANTED.

2.   The Estate of Martin J. Cohen is awarded fees in the amount of $15,395.25 pursuant to 42 U.S.C. § 406(b), but must refund to Plaintiff the $3,097.14 in attorney's fees the Court previously awarded to Plaintiff's counsel under the EAJA.

---

[2] An SSA award letter suggests that the SSA withheld a total of $15,395.25 from Plaintiff's past-due benefits for payment of an attorney's fee, and that counsel may be owed a fee for counsel's work before the agency. Doc. 28-2 p. 6.  The present order relates only to fees for representation before the court, not the agency. "[T]he amount that the agency can withhold for direct payment does not delimit the amount of fees that can be approved for representation before the agency or the court." *Culbertson v. Berryhill*, 586 U.S. 53, 59 (2019). "Any concerns about a shortage of withheld benefits for direct payment and the consequences of such a shortage are best addressed to the agency . . . or the attorney's good judgment." *Id.* at 62.

3.      The Clerk is directed to enter an amended judgment accordingly.


ORDERED on April 28, 2026.


NATALIE HIRT ADAMS
United States Magistrate Judge